**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS CUMMINGS, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SALLIE MAE INC. ) ) Defendant. ) | JURY DEMAND |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]**

Plaintiff, Nicholas Cummings, respectfully requests that this Court enter an order determining that this action against Sallie Mae Inc. ("Sallie Mae") may proceed on behalf of a class. Plaintiff proposes the following class definitions, subject to amendment as appropriate:

(1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after September 15, 2010. Excluded from this class are persons who provided their cell numbers in the transaction that resulted in the debt and who released *all* of their claims as a result of the class settlement in *Arthur v Sallie Mae*.

---

[1] This motion is being filed at this time to avoid any attempt to pick off the named plaintiff pursuant to *Damasco v. Clearwire*, No. 10–3934 (7th Cir. 2011) ("class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs....Although discovery may in some cases be unnecessary to resolve class issues, *see 3 Alba Conte & Herbert B. Newberg*, Newberg on Class Actions § 7.8, at 25 (4th ed. 2002), in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.")

Plaintiff respectfully requests that this Court enter and continue this motion until defendant responds to class discovery, grant plaintiff leave to file a memorandum of law in support of class certification and subsequently an order certifying the class set forth above and requests that it be named as class representative and Keith J. Keogh be appointed counsel for the class. In support of this motion, plaintiff states:

A.     NATURE OF THE CASE

1.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

2.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

3.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

4.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called

party. The FCC "emphasize[d] that prior express consent to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

5. In the same Declaratory Ruling, the FCC emphasized that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.")

6. At issue in this case are numerous telephone calls that Defendant placed to Plaintiff (and the proposed class members) through the use of an automatic telephone dialing system and prerecorded voice.

7. Defendant telephoned Plaintiff regarding a debt that Plaintiff did not incur and therefore did not list his cellular phone number in or on any documents at any time during the transaction that resulted in the debt.

8. All telephone contact by Sallie Mae to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

9. The telephone calls placed by Sallie Mae to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. §227(b)(1)(A).

10. The telephone number that Sallie Mae used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular

telephone service as specified by 47 U.S.C. §227(b)(1)(A)(iii).

11. The complained of telephone calls did not constitute calls for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I).

12. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Sallie Mae to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

**B. REQUIREMENTS FOR CLASS CERTIFICATION**

13. Plaintiff seeks certification of the following classes:

> (1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after September 15, 2010. Excluded from this class are persons who provided their cell numbers in the transaction that resulted in the debt and who released *all* of their claims as a result of the class settlement in *Arthur v Sallie Mae*.

14. All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in each class

15. The classes are so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). Defendant Sallie Mae previously settled a class action involving millions of persons who received calls on their cellular telephones from automatic dialing systems. Based on Sallie Mae' calls to third parties, it is apparent that Sallie Mae has not sufficiently corrected its practices. At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make

common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, 1997 WL 139472, at *2 (N.D.Ill. March 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination ... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

16. There are questions of fact or law common to the classes, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3). These common questions include:

> A. Whether Defendant made calls to cellular telephones with an autodialer or artificial or prerecorded voice; and
>
> B. Whether Defendant's conduct was knowing or willful.

17. Plaintiff will fairly and adequately protect the interests of the members of the class. Fed. R. Civ. P. 23(a)(4). Plaintiff has no conflicting interests with the classes and is seeking relief on behalf of members of the class. Plaintiff has retained counsel who are experienced in pursuing class actions on behalf of consumers under the TCPA. A copy of counsel's affidavit is attached hereto as *Exhibit 1*.

18. A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiff are shared by hundreds, if not thousands, of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members

of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the classes may not be aware of their rights under the law to recover for Defendant's practices.

WHEREFORE, Plaintiff respectfully requests that this Court enter and continued this motion until Defendant responds to class discovery grant Plaintiff leave to file a memorandum of law in support of class certification and subsequently an order certifying the class.

> Respectfully Submitted,
>
> /s/   Keith J. Keogh
> Keith J. Keogh

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Katherine M. Bowen
KEOGH LAW, LTD.
101 N. Wacker Dr., Ste. 605
Chicago, IL 60606
312.726.1092/312.726.1093 (fax)
Keith@Keoghlaw.com