UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| NICHOLAS CUMMINGS, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>SALLIE MAE, INC.,<br>Defendant. | Case No.: 1:12-cv-09984 |

## RESPONSE OF DEFENDANT SALLIE MAE, INC.
## TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant Sallie Mae, Inc. ("Sallie Mae") respectfully submits this Response in opposition to plaintiff Nicholas Cummings' ("Plaintiff") Motion to Compel Discovery (the "Motion"). Sallie Mae apologizes for any inconvenience to the Court for filing this Response so close to the presentment hearing, which is set for Wednesday, March 27, 2013 at 9:30 a.m., but Plaintiff refused to agree to a briefing schedule. Sallie Mae has had three business days to prepare this Response.

### I.   INTRODUCTION

Plaintiff served as a reference for a person who submitted an application for, and obtained, a student loan, which Sallie Mae now services. In this action, Plaintiff alleges that, when Sallie Mae contacted him on his cellular telephone in an attempt to locate that person regarding outstanding amounts on the loan, Sallie Mae violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). Plaintiff brings these claims for himself and for a purported class of all persons to whom Sallie Mae made calls to cellular phones from September 15, 2010 to the present. Plaintiff commences his alleged class period on September 15, 2010 based on a class action settlement reached by Sallie Mae in a prior case, Arthur v. Sallie

Mae, Inc., Case No. 2:10-cv-00198-JLR (W.D. Wash.). <u>Arthur</u> involved alleged violations of the TCPA for calls made from October 27, 2005 to September 14, 2010.

By the Motion, Plaintiff seeks to require Sallie Mae to: (A) provide supplemental responses to Interrogatory Nos. 2, 3, 16 and 17 (all of which are improper on various grounds) and Interrogatory No. 9 (to which Sallie Mae did, in fact, already respond); (B) produce documents pursuant to Sallie Mae's responses to Plaintiff's Request for Production of Documents (which Sallie Mae is in the process of doing); and (C) produce Sallie Mae's Rule 30(b)(6) witness for deposition (Sallie Mae has offered various deposition dates, which Plaintiff has refused). Very simply, the Motion should be denied.[1]

## II. BACKGROUND

### A. The Action

Plaintiff filed the Complaint – Class Action (the "Complaint") on December 14, 2012, and served Sallie Mae on December 17, 2012. (Docket Nos. 1, 13.) In the Complaint, Plaintiff alleges negligent and willful violations of the TCPA for himself and for a class defined as:

> (1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after September 15, 2010. Excluded from this class are persons who provided their cell numbers in the transaction that resulted in the debt and who released all of their claims as a result of the class settlement in <u>Arthur v Sallie Mae</u>.

On December 21, 2012, the Court set a status hearing for January 2, 2013. During that hearing, the Court set the following briefing schedule on the class certification motion: memorandum due March 19, 2013, response due 28 days thereafter (April 15, 2013) and reply due 14 days after (April 29, 2013). (Docket No. 18.) The Court also set a deadline of January 28, 2013 for Sallie Mae to respond to the Complaint. Sallie Mae answered at that time.

---

[1] The hearing on March 27, 2013 also is a Status Conference. Given the disputes that now exist regarding the scope of permissible discovery, and the scope of the information that Sallie Mae has agreed to provide, Sallie Mae submits that the initial schedule on class certification should be extended for 90 days.

LA 51635245

**B.     The Discovery Proceedings**

On January 9, 2013, Plaintiff served discovery requests, including twenty-four (24) requests for admission (the "RFAs"), nineteen (19) interrogatories (the "Interrogatories"), and thirty-six (36) requests for production of documents (the "Document Requests" and collectively, the "Discovery Requests"). (Declaration of Lisa M. Simonetti ("Simonetti Decl."), ¶ 2, Ex. A.) Sallie Mae's deadline to respond to the Discovery Requests was February 11, 2013, which Plaintiff agreed to extend to March 1, 2013. (Simonetti Decl., ¶ 3, Ex. B.)

In its Responses to the Discovery Requests, Sallie Mae provided ample information, including with respect to its practices for obtaining consent from September 15, 2010 to the present. For example, in its Response to Interrogatory No. 5, Sallie Mae explained how it obtains consents under the TCPA, as follows:

> Since September 15, 2010, Sallie Mae has obtained prior express consent, within the meaning of the Telephone Consumer Protection Act, to make calls to cellular telephones in a number of ways, including by: (i) applicants for student loans providing their phone numbers in application materials, including in Sallie Mae promissory notes; (ii) borrowers updating their phone numbers when they update their information through "Manage Your Loan" on Sallie Mae's website; (iii) individuals providing their phone numbers in a facsimile, email and/or mail communication; (iv) individuals providing their phone number during a telephone conversation with a representative of Sallie Mae; and (v) individuals providing consent through Interactive Voice Response (IVR).

(Simonetti Decl., ¶ 5, Ex. D; see also Ex. C (Responses to Request for Admission Nos. 1-10).) Further, Sallie Mae committed to produce various documents, such as its policies and procedures for compliance with the TCPA for the time period from September 15, 2010 to the present. (See Simonetti Decl., ¶ 5, Ex. D (Response to Interrogatory Nos. 10-14); Ex. E (Response to Requests for Production).) That production has commenced.

Meanwhile, on February 8, 2013, Plaintiff served on Sallie Mae a 30(b)(6) deposition notice, containing eight topics for examination. (Simonetti Decl., ¶ 6, Ex. F.) Sallie Mae has

LA 51635245

made various efforts to schedule this deposition, based on the availability of the witness and the parties' respective counsel. (Simonetti Decl., ¶ 7, Exs. G, H.) On March 14, Sallie Mae proposed April 11, 2013, which conflicted with Plaintiff's schedule, or dates thereafter, which Plaintiff refused as purportedly too close to the time for him to file his reply on the motion for class certification (which is not due until April 29). (Simonetti Decl., ¶ 7, Exs. G, H.)

On March 19, 2013, Sallie Mae asked that Plaintiff stipulate to extend the class certification deadlines so as to allow for resolution of the current discovery disputes, and completion of appropriate discovery within a reasonable timeframe. Plaintiff refused. (Simonetti Decl., ¶ 8, Ex. I.)

On March 21, 2013, Plaintiff filed the Motion. On March 22, 2013, Sallie Mae provided the following dates for the deposition: April 11, 12, 23 and May 10, 21-23, 29-31. Plaintiff's counsel has yet to respond. (Simonetti Decl., ¶ 9, Ex. J.)

### III. ARGUMENT

#### A. Interrogatory Nos. 2, 3, 16 And 17 Are Improper.

##### 1. Interrogatory Nos. 2, 3 And 16 Seek Information That Is Overbroad And Burdensome And Turns The Standard On Certification Upside Down.

It is well settled that, when individual issues of fact will predominate over common issues, a request for class certification will fail. "To establish predominance, the plaintiffs must show by a preponderance of the evidence that the elements of their claim can be proven by evidence common to all in their class." Boone v. City of Philadelphia, 668 F. Supp. 2d 693, 708 (E.D. Pa. 2009) (citing In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 311-312 (3d Cir. 2009) (emphasis added)). "This standard is met 'when there exists generalized evidence that proves or disproves an element on a simultaneous, class-wide basis, ... [since s]uch proof obviates the need to examine each class member's individual position[.]'" See Foreman v. PRA III, LLC, No. 05-cv-3372, 2007 WL 704478, at *11 (N.D. Ill. Mar. 5, 2007)(citations omitted) (emphasis added).

Putative TCPA classes frequently fail the predominance requirement due to the individualized inquiry necessary to determine whether class members provided their prior express consent to the defendant. See, e.g., Gene And Gene LLC v. BioPay LLC, 541 F.3d 318 (5th Cir. 2008) ("[T]he determinative question of whether consent can be established via class-wide proof must, given the particular facts of this case, be answered in the negative. [Plaintiff] has failed to advance a viable theory of generalized proof to identify those persons, if any, to whom [defendant] may be liable under the TCPA."); Lindsay Transmission, LLC v. Office Depot, Inc., No. 4:12-cv-221 (CEJ), 2013 WL 275568, at *4-5 (E.D. Mo. Jan. 24, 2013) (court found that class allegations could not proceed and denied motion to compel discovery as moot because the individualized issue of consent to receive faxes would require the court "to engage in an improper merits evaluation to determine who is in the class"); G.M. Sign, Inc. v. Brink's Mfg. Co., No. 09 C 5528, 2011 WL 248511, at *11 (N.D. Ill. Jan. 25, 2011) (class certification was not appropriate given that individualized questions predominated where there was evidence that relevant fax recipients consented to receipt of the faxes); Hicks v. Client Servs., No. 07-cv-61822 WPD, 2008 U.S. Dist. LEXIS 101129, at 20 (S.D. Fla. Dec. 11, 2008) (holding that plaintiff could not describe how she intended to prove consent "without the trial degenerating into mini-trials on consent of every class member," resulting in a lack of commonality and predominance because "ultimately consent is an issue that would have to be determined on an individual basis at trial").

Here, in Interrogatory Nos. 2, 3 and 16, Plaintiff purports to demand that Sallie Mae produce <u>every</u> piece of information and <u>every</u> document that would go into the mini-trials that the law forbids. Specifically, Interrogatory Nos. 2, 3 and 16 seek the following:

> **Interrogatory No. 2:**
>
> Identify (1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after September 15, 2010. Excluded from this request are who provided

their cell numbers in the transaction that resulted in the debt and who released all of their claims as a result of the class settlement in <u>Arthur v. Sallie Mae</u>.

**Interrogatory No. 3:**

For each call responsive to interrogatory #2, identify the date of the call and the telephone number dialed.

**Interrogatory No. 16:**

Identify by category all sources from which Defendant obtained cellular telephone numbers.

Indeed, by these Interrogatories, Plaintiff demands that Sallie Mae identify each call made with consent, the date of the call, the person called and the source of that person's consent. As demonstrated by the Response to Interrogatory No. 5, Sallie Mae uses various channels for obtaining consent – promissory notes, website updates, telephone conversations, etc. – and Sallie Mae is producing documents supporting that Response. Sallie Mae could not, and should not be compelled to, gather the loan-level evidence that would go to an individualized adjudication of every single person's consent to autodialed calls.[2] The burden, expense and time associated with such an effort is obvious.

Moreover, throughout this litigation, including in Plaintiff's Motion, Plaintiff argues that discovery here surely must be made easier by the fact of the <u>Arthur</u> matter. Plaintiff is wrong. <u>Arthur</u> involved a much earlier time period, as well as a materially different class definition. The settlement class in <u>Arthur</u> was comprised of:

> All persons to whom, on or after October 27, 2005 and through September 14, 2010, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone

---

[2] Meanwhile, Interrogatory No. 17 has no clear connection to the TCPA claims asserted by Plaintiff: "State whether Defendant employed any skip-tracing services in connection with collecting debts. If so, identify what skip-tracing service Defendant uses." Whether Sallie Mae uses a skip tracing servicing has no bearing on what, if anything, Sallie would do with any numbers obtained. If such numbers were not called, or were not called using an autodialer, they would be entirely irrelevant.

For instance, Plaintiff is not entitled to the promissory notes and loan-level records of the various borrowers that would fit within the proposed class definition. These types of documents would demonstrate consent, but also would reveal personal information, such as: names, addresses, social security numbers, loan terms, credit score information, or amounts in default.

### B. Sallie Mae Responded To Interrogatory No. 9.

Interrogatory No. 9 requests the identity of persons responsible for Sallie Mae's telephone systems on or after September 15, 2010. In response to Interrogatory No. 9, Sallie Mae identified Patricia Peterson and Brian Lanham. It is unclear what additional information Plaintiff seeks on this interrogatory and, as a result, Plaintiff's request to compel a further response should be denied.

### C. As Plaintiff Already Knows, Sallie Mae Is In The Process Of Compiling And Processing Documents For Production.

As set forth in Sallie Mae's Responses, Sallie Mae has agreed to produce several categories of documents. Sallie Mae is in the process of compiling and processing those documents for production. Accordingly, Plaintiff's request to compel the production of such documents is unnecessary.

### D. Sallie Mae Also Has Agreed To Produce A Rule 30(b)(6) Witness.

As stated above, Sallie agreed to produce its Rule 30(b)(6) deponent and most recently provided the following dates for the deposition: April 11, 12, 23 and May 10, 21-23, 29-31. Plaintiff's counsel indicated that he is unavailable on April 11 and has refused to set the deposition on any other date because they fall too close or after the deadline for Plaintiff to file his reply brief in support of his motion for class certification. At the same time, Plaintiff will not consider any extension of the current schedule. This is neither practical nor constructive, and Sallie Mae asks the Court to extend the current deadlines by 90 days.

## IV. CONCLUSION

Based on the foregoing, the Court should deny the Motion in its entirety.

Dated: March 26, 2013               Respectfully submitted,


By: ____/s/ Lisa M. Simonetti____
STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
Lisa M. Simonetti
Shannon E. Ponek (admitted *pro hac vice*)
2029 Century Park East
Los Angeles, CA 90067-3086
Tel: 310-556-5800
Fax: 310-556-5959
lacalendar@stroock.com

MASSEY & GAIL LLP
Leonard A. Gail
30 E Washington, Suite 400
Chicago, IL 60602
Tel: 312-283-1590
lgail@massygail.com

Attorneys for Defendant
    SALLIE MAE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2013, I caused this document to be served by First Class U.S. Mail and e-mail addressed as follows:

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Katherine M. Bowen
KEOGH LAW, LTD.
101 N. Wacker Drive, Suite 605
Chicago, IL  60606
Keith@Keoghlaw.com

David J. Philipps
Mary E. Philipps
PHILIPPS & PHILIPPS, LTD.
9760 S. Roberts Road, Suite One
Palos Hills, IL  60465
davephilipps@aol.com
mephilipps@aol.com

/ s / Lisa M. Simonetti
_____
Lisa M. Simonetti