UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| NICHOLAS CUMMINGS, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SALLIE MAE INC.,<br>　　　　　　　　　　　　　Defendant. | Case No.: 1:12-cv-09984<br><br>Hon. Joan B. Gottschall |

## MOTION OF DEFENDANT SALLIE MAE, INC.
## TO MODIFY CLASS CERTIFICATION BRIEFING SCHEDULE

Defendant Sallie Mae, Inc. ("Sallie Mae") respectfully requests that this Court enter an order modifying the class certification briefing schedule set forth in the Court's January 2, 2013 Minute Order, Docket No. 18 (the "Scheduling Order") to continue by ninety (90) days the deadlines for Sallie Mae to file a response and Plaintiff to file a reply.

### I.　　INTRODUCTION

At the January 2, 2013 status hearing, the Court set a briefing schedule for plaintiff Nicholas Cummings's ("Plaintiff") motion for class certification (the "Class Certification Motion"). The events that have ensued since the Court entered the Scheduling Order demonstrate that the briefing schedule is unduly compressed and therefore threatens substantial prejudice to Sallie Mae. Specifically, Plaintiff propounded extensive and overbroad discovery requests, many of which are improper prior to class certification. Nonetheless, Sallie Mae responded to many of these discovery requests, provided information regarding the size of the potential class, and is in the process of producing documents. Meanwhile, other discovery requests are now pending on a motion to compel before the Magistrate Judge (which is set for presentment on April 3, 2013). (See Docket No. 23.) However, it is impracticable for Sallie Mae to respond to the proper discovery requests and produce documents, brief and argue the

LA 51635251

improper discovery requests, and prepare for and attend depositions at the same time that Sallie Mae is required to oppose the Class Certification Motion.

The necessity to modify the briefing schedule is demonstrated by Plaintiff's own position regarding the deposition of Sallie Mae's Rule 30(b)(6) witness. Despite Sallie Mae providing several deposition dates throughout April, Plaintiff has indicated that those dates fall too close to his deadline to file a reply to the Class Certification Motion and, thus, has refused to set the deposition. Plaintiff's only solution to this problem was to file the motion to compel, seeking to force Sallie Mae to produce its witness prior to April 12th. In fact, Sallie Mae has attempted to confer with Plaintiff in an effort to reach a compromise regarding the briefing schedule on the Class Certification Motion. Plaintiff has refused, and Sallie Mae therefore requests the Court's assistance in adjusting the Scheduling Order.

## II. BACKGROUND

### A. The Action

Plaintiff filed the Complaint – Class Action (the "Complaint") on December 14, 2012, and served Sallie Mae on December 17, 2012. (Docket Nos. 1, 13.) Plaintiff served as a reference for a person who sought, and obtained, a student loan, which Sallie Mae now services. (See Complaint, ¶ 13.) In this action, Plaintiff alleges that, when Sallie Mae contacted him on his cellular telephone in an attempt to locate its customer, Sallie Mae violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). In the Complaint, Plaintiff alleges negligent and willful violations of the TCPA for himself and for a class defined as:

> (1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after September 15, 2010. Excluded from this class are persons who provided their cell numbers in the transaction that resulted in the debt and who released all of their claims as a result of the class settlement in Arthur v Sallie Mae.

Plaintiff commences his alleged class period on September 15, 2010 based on a class action settlement reached by Sallie Mae in a prior case, Arthur v. Sallie Mae, Inc., Case No. 2:10-cv-00198-JLR (W.D. Wash.). Arthur involved alleged violations of the TCPA for calls made from October 27, 2005 to September 14, 2010.

On December 17, Plaintiff also filed his notice of motion for the presentment of motion to certify class on January 2, 2013. (Docket Nos. 9, 13.) On December 21, 2012, the Court set a status hearing for January 2, 2013. (Docket No. 14.) During that hearing, the Court established the following briefing schedule on the class certification motion: memorandum due March 19, 2013, response due 28 days thereafter, and reply due 14 days after. (Docket No. 18.) The Court also set a deadline of January 28, 2013, for Sallie Mae to respond to the Complaint. Sallie Mae answered at that time.

**B.    The Discovery Proceedings**

On January 9, 2013, Plaintiff served discovery requests, including twenty-four (24) requests for admission (the "RFAs"), nineteen (19) interrogatories (the "Interrogatories"), and thirty-six (36) requests for production of documents (the "Document Requests" and collectively, the "Discovery Requests"). (Declaration of Lisa M. Simonetti ("Simonetti Decl."), ¶ 2, Ex. A.) The Discovery Requests sought extensive and overbroad information relating to each potential class member, including the following:

- The identity of all persons to whose cellular telephone Sallie Mae called after September 15, 2010 and all documents which identify those persons;
- The date Sallie Mae called those persons, their telephone numbers and all records relating to the calls;
- Whether those persons consented to receive such calls and all documents establishing such consent;
- A detailed description of Sallie Mae's policies and procedures relating to the TCPA, including the "complete history" of those policies; and

- All documents, regardless of date, relating to prior complaints made to Sallie Mae for alleged violations of the TCPA.

Pursuant to agreement, Sallie Mae responded to the Discovery Requests on March 1, 2013 (the "Responses"). (Simonetti Decl., ¶ 3, Ex. B.) In its Responses, Sallie Mae provided ample information, including with respect to its practices for obtaining consent from September 15, 2010 to the present. (Simonetti Decl., ¶ 4, Ex. C.) In addition, Sallie Mae supplied information demonstrating that, given these practices, any supposed class here (which Sallie Mae denies would be certified) would be quite small. (See Simonetti Decl., ¶ 5, Ex. D (Responses to Request for Admission Nos. 17-20, 23-24) (indicating a class of less than 10,000 individuals).) Further, Sallie Mae committed to produce various documents, such as its policies and procedures for compliance with the TCPA for the time period from September 15, 2010 to the present. (See Simonetti Decl., ¶ 4, Ex. C (Response to Interrogatory Nos. 10-14).) That production has commenced.

Meanwhile, on February 8, 2013, Plaintiff served on Sallie Mae a 30(b)(6) deposition notice, containing eight broad topics for examination. (Simonetti Decl., ¶ 6, Ex. E.) Sallie Mae has made various efforts to schedule this deposition, based on the availability of the witness and the parties' respective counsel. (Simonetti Decl., ¶ 7, Exs. F and G.) On March 14, Sallie Mae proposed April 11, 2013, which conflicted with Plaintiff's schedule, or a date thereafter, which Plaintiff refused as purportedly too close to the time for him to file his reply on the Class Certification Motion (which is not due until April 29). (Simonetti Decl., ¶ 7, Ex. F.) Sallie Mae also provided the following dates that it is available for the deposition: April 12, 23 and May 10, 21-23, 29-31. To date, Plaintiff has not responded. (Simonetti Decl., ¶ 8, Ex. H.)

On March 18, 2013, Plaintiff filed his Class Certification Motion. On March 19, 2013, Sallie Mae asked that Plaintiff stipulate to extend the class certification deadlines, particularly given the broad discovery served by Plaintiff. Plaintiff refused. (Simonetti Decl., ¶ 9, Ex. I.) On March 21, 2013, Plaintiff filed the motion to compel with respect to a handful of onerous and overbroad Discovery Requests; that motion is now pending for presentment before the

-4-

Magistrate Judge on Wednesday, April 3. (Docket Nos. 23, 24.) Pursuant to the Scheduling Order, Sallie Mae's opposition to the Class Certification Motion is due on April 15 and Plaintiff's reply is due on April 29.

### III.    ARGUMENT

A.    **Good Cause Exists To Modify The Scheduling Order.**

A schedule may be modified for good cause and with the court's consent. See Fed. R. Civ. P. 16(b)(4). The matter of a continuance is within the discretion of the court. United States v. King, 127 F.3d 483, 486-87 (6th Cir. 1997). In ruling on a request for a continuance, a "court will examine the totality of the circumstances." United States v. Medina, 992 F.2d 573, 581 (6th Cir. 1993), cert. denied, 510 U.S. 1109, 114 S. Ct. 1049, 127 L. Ed. 2d 371 (1994). Because each case presents its own unique circumstances, "[t]he weight accorded to each factor may vary from case to case." United States v. Mejia, 69 F.3d 309, 314-15 (9th Cir. 1995). Modification should be allowed when refusal might result in injustice while allowing modification would cause no substantial injury to the parties and no significant inconvenience to the court. United States v. First Nat'l Bank, 652 F.2d 882 (9th Cir. 1981).

Good cause exists for the Court to modify the briefing schedule on the Class Certification Motion. First, Sallie Mae has devoted significant resources to discovery. Sallie Mae provided Responses to many of Plaintiff's Discovery Requests that sought information on Plaintiff and the potential class size. In addition, Sallie Mae also agreed to produce its policies and procedures relating to the TCPA and that production has commenced.

Second, Sallie Mae will need to prepare for and defend the deposition of Sallie Mae's 30(b)(6) witness. Sallie Mae's witness is available for a deposition on the following dates: April 11, 12, 23 and May 10, 21-23, 29-31, but Plaintiff will not confirm. Continuing the class certification deadlines will allow the deposition to proceed in fairness to Sallie Mae.

Third, Plaintiff will not suffer any prejudice if the deadline for Sallie Mae's response and Plaintiff's reply are continued. To the contrary, it appears that continuing the deadlines will aid Plaintiff since Plaintiff indicated that the deposition dates proposed by Sallie Mae fall too close

to Plaintiff's reply deadline. If the reply deadline is continued, Plaintiff will have his desired discovery well in advance of his deadline to file a reply to the Class Certification Motion.

Fourth, continuing the class certification deadlines will assure that Sallie Mae has ample time to oppose the Class Certification Motion. Because Sallie Mae has dedicated its time to providing discovery responses and producing documents, and Sallie Mae will need to spend time preparing for and attending deposition, Sallie Mae will have little opportunity to prepare its response to the Class Certification Motion.

Finally, Plaintiff is mistaken that this litigation should proceed in an expedited fashion because Sallie Mae settled TCPA claims in Arthur v. Sallie Mae, Inc., Case No. 2:10-cv-00198-JLR (W.D. Wash.). Although Arthur involved alleged violations of the TCPA, there is no overlap between Arthur and the present case. The Arthur litigation was settled on a class wide basis for the following class:

> All persons to whom, on or after October 27, 2005 and through September 14, 2010, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone Call to a cellular telephone through the use of an automated dialing system and/or an artificial or prerecorded voice.

(Simonetti Decl., ¶ 10.) Thus, Arthur involved allegations relating to telephone calls made anywhere from over seven years ago to over two years ago. Plaintiff seeks to certify a class relating to calls made after September 15, 2010. Because these two cases involve calls made during different time periods, the potential class members, claims, and policies and procedures are entirely different. Moreover, Arthur settled claims for all calls made, regardless of consent. However, Plaintiff's Discovery Requests seek information regarding whether thousands of potential class members consented to receive telephone calls. Accordingly, the schedule in the present case simply should not be based upon Plaintiff's assertion that this case is similar to Arthur and, thus, Sallie Mae has had a "head start."

## IV. CONCLUSION

Based on the foregoing, Sallie Mae respectfully requests that the Court grant the Motion and continue the briefing on the Class Certification Motion as follows:[1]

| Event | Current Date | Revised Date |
|---|---|---|
| Response | April 15, 2013 | July 15, 2013 |
| Reply | April 29, 2013 | July 29, 2013 |

Dated:  April 1, 2013

Respectfully submitted,

By:  / s / Lisa M. Simonetti
STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
Lisa M. Simonetti
Shannon E. Ponek (admitted *pro hac vice*)
2029 Century Park East
Los Angeles, CA 90067-3086
Tel:  310-556-5800
Fax:  310-556-5959
lacalendar@stroock.com

MASSEY & GAIL LLP
Leonard A. Gail
30 E Washington, Suite 400
Chicago, IL 60602
Tel:  312-283-1590
lgail@massygail.com

Attorneys for Defendant SALLIE MAE, INC.

---

[1] Sallie Mae has no objection to Plaintiff amending its Motion for Class Certification prior to Sallie Mae filing its Response, based on discovery taken after the original filing.  Sallie Mae suggests that any amendment to Plaintiff's Motion for Class Certification be due by June 18, 2013.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2013, I caused this document to be electronically filed and served on all parties of record through the Court's CM/ECF system.

>   */ s / Lisa M. Simonetti*
>   Lisa M. Simonetti

-8-

LA 51635251