**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS CUMMINGS, on behalf of himself and all others similarly situated, <br>                                 Plaintiff, <br>       v. <br> SALLIE MAE INC., <br>                                  Defendant. | Case No.: 1:12-cv-09984 <br><br> Honorable Joan B. Gottschall <br><br> Magistrate Judge Geraldine Soat Brown |

**MOTION OF DEFENDANT SALLIE MAE, INC. FOR LEAVE TO FILE SALLIE MAE'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, THE DECLARATION OF DAVID MOSS, AND THE DECLARATION OF PATRICIA PETERSON UNDER SEAL**

Pursuant to Local Rule 26.2 of the United States District Court for the Northern District of Illinois, defendant Sallie Mae, Inc. ("Sallie Mae") respectfully requests that the Court grant leave to file under seal: (1) Sallie Mae's Opposition to plaintiff's Motion for Class Certification (the "Opposition"); (2) the Declaration of David Moss in Support of the Opposition (the "Moss Declaration"); and (3) the Declaration of Patricia Peterson in Support of the Opposition (the "Peterson Declaration"). These documents contain confidential trade secret information belonging to Sallie Mae and should be filed under seal.

**I.    LEGAL STANDARD**

The public's right of access to court proceedings and documents is well established by common-law traditions and the First Amendment. However, "[n]either the common-law nor the constitutional right is absolute." Grove Fresh Distribs. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. Ill. 1994). Courts may seal records to protect trade secrets or other kinds of information deserving of long-term confidentiality. Drew v. Shoe Show, Inc., 2011 U.S. Dist. LEXIS 49582, at *3 (S.D. Ill. May 9, 2011). To determine whether documents contain confidential trade

secrets, Illinois district courts have referred to the Illinois Trade Secrets Act, 765 ILCS 1065 et seq. (the "ITSA") for guidance. See e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Products Liab. Litig., No. 3:09-MD-02100-DRH, 2011 WL 5507057, at *4 (S.D. Ill. Nov. 10, 2011); Hal Wagner Studios, Inc. v. Elliott, No. 09-0031, 2009 WL 854676, at *4 (S.D. Ill. Mar. 30, 2009).

The ITSA defines a trade secret as:

> [I]nformation, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
>
> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d). Accordingly, confidential information that is sufficiently secret to derive economic value from its disclosure constitutes a trade secret and should be filed under seal.

## II. DISCUSSION

Sections II(B) and (C) of the Opposition, paragraphs 2-7 of the Moss Declaration, and paragraphs 4-12 of the Peterson Declaration contain proprietary and confidential business information regarding Sallie Mae's collection of loan servicing platforms, customer information systems and customer service technologies, including Sallie Mae's internal policies, practices and procedures. These systems were developed to facilitate Sallie Mae's management of customer accounts and further Sallie Mae's efforts to outperform its competitors. Moreover, these systems are a result of Sallie Mae's substantial investment of resources, particularly to develop interoperability among Sallie Mae's collection and loan servicing platforms and customer information systems. Sallie Mae's development of these systems constitutes a trade secret that yields a competitive advantage and could prove highly valuable to competitors.

-2-

Publicly disclosing this information would rob Sallie Mae of the value of its investment and potentially yield economic loss. Accordingly, section II(B) and (C) of the Opposition and the portions of the Moss and Petersen Declarations referenced therein, should be protected from disclosure and filed under seal.

### III. CONCLUSION

For the foregoing reasons, Sallie Mae respectfully requests that the Court grant leave to file under seal: (1) Sallie Mae's Opposition; (2) the Moss Declaration; and (3) the Peterson Declaration.

Dated: May 6, 2013

Respectfully submitted,

By: _/ s / Lisa M. Simonetti_
STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
Lisa M. Simonetti
Shannon E. Ponek (admitted *pro hac vice*)
2029 Century Park East
Los Angeles, CA 90067-3086
Tel: 310-556-5800
Fax: 310-556-5959
lacalendar@stroock.com

MASSEY & GAIL LLP
Leonard A. Gail
30 E Washington, Suite 400
Chicago, IL 60602
Tel: 312-283-1590
lgail@massygail.com

Attorneys for Defendant SALLIE MAE, INC.

LA 51647223

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2013, a copy of the foregoing **MOTION OF DEFENDANT SALLIE MAE, INC. FOR LEAVE TO FILE SALLIE MAE'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, THE DECLARATION OF DAVID MOSS, AND THE DECLARATION OF PATRICIA PETERSON UNDER SEAL** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

                                        */s/ Lisa M. Simonetti*
                                          Lisa M. Simonetti

LA 51647223