# APPENDIX 1

## SETTLEMENT AGREEMENT AND RELEASE

This settlement (the "Settlement" or the "Agreement") is made between Nicolas Cummings and Steffanie Penman (together, "Plaintiffs"), on behalf of themselves and members of the Settlement Class (as defined below), on the one hand, and Sallie Mae, Inc. ("Sallie Mae"), on the other hand, in the action entitled *Nicolas Cummings v. Sallie Mae, Inc.*, United States District Court for the Northern District of Illinois (the "Court"), Case No. 1:12-cv-9984 (the "Action"). Sallie Mae, Class Counsel (as defined below) and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and, upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class Members (as defined below) against Sallie Mae in the Action shall be settled, compromised and released upon the terms and conditions contained herein.

## I. RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A. On December 14, 2012, plaintiff Nicolas Cummings ("Cummings") filed a Class Action Complaint seeking monetary damages and injunctive relief against Sallie Mae based on its alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by allegedly placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice, without the prior express consent of the recipient of the call.

B. Sallie Mae vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability. Sallie Mae desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

1

C.      After written discovery and the depositions of Cummings and Sallie Mae's corporate representative, Plaintiffs and Sallie Mae agreed to attend mediation with a private mediator.

D.      Plaintiffs and Class Counsel have investigated the facts and law underlying the claims asserted in the Action.  In advance of mediation, Plaintiffs and Class Counsel requested, and Sallie Mae produced, data and documents regarding Plaintiffs' claims and Sallie Mae's policies, practices and procedures concerning use of its dialers, prerecorded messages and the number of persons in the Settlement Class, who may have been called (approximately 251,000).

E.      This Agreement resulted from and is the product of substantial written and oral discovery, and the full-day, arms-length mediation held on July 29, 2013 before United States District Court Magistrate Judge Morton Denlow (Ret.) of JAMS.

F.      The Parties (as defined below) have added Steffanie Penman as a named plaintiff, through the filing, for settlement purposes, of an Amended Complaint.

G.      The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any Party (as defined below) except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, and for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs and Sallie Mae agree to the Settlement, subject to approval by the Court, as follows:

## II.      <u>DEFINITIONS</u>

A.      In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

2

1.      "Amended Complaint" refers to the document attached as <u>Exhibit A</u>, which has been filed in the Action by agreement of the Parties for settlement purposes.

2.      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

3.      "Cash Award" means a cash payment to an eligible Settlement Class Member pursuant to Section III.G of this Agreement.

4.      "Claim Form" means the claim form to be submitted by Settlement Class Members in order to receive a Cash Award pursuant to Section III.G.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit B</u>.

5.      "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Cash Award as part of the Settlement.  The last day of the Claim Period will be sixty (60) days after the Notice Deadline.

6.      "Claims Administrator" means a class action administrator, selected by the Parties and subject to approval by the Court.

7.      "Class Counsel" means Keogh Law, Ltd, Philipps & Philipps, Ltd., and Burke Law Offices, LLC.

8.      "Class Notice" means all types of notice that will be provided to the Settlement Class, pursuant to Section III.F of this Agreement, including Email Notice, Mail Notice, Publication Notice and Website Notice, as well as any additional notice that might be ordered by the Court.

9.      "Class Period" means the period from September 15, 2010 through, and including, the date of entry of the Preliminary Approval Order.

10.     "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Sections III.H of this Agreement.

11.     "Effective Date" means the 10th (tenth) business day after the last of the following dates:

3

    a.  All Parties, Sallie Mae's Counsel and Class Counsel have executed this Agreement;

    b.  The Court has entered, without material change, the Final Approval Order; and

    c.  The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

    12.  "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the incentive awards to Plaintiffs.

    13.  "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as <u>Exhibit C</u>.  Among other things, the Final Approval Order shall dismiss the Action with prejudice as to Plaintiffs and all Settlement Class Members.

    14.  "Fund" means the total cash sum of $9,250,000 (nine million two hundred fifty thousand dollars) to be paid pursuant to Section III.C of this Agreement.

    15.  "Notice" or "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement and includes the Email Notice, Mail Notice, Publication Notice and Website Notice.  A complete description of the contemplated Notice Program is provided in Section III.F of this Agreement.

    a.  "Email Notice" means the notice that will be emailed pursuant to Section III.F.1.b of this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit D</u>.

4

b.      "Mail Notice" means the notice that will be mailed pursuant to Section III.F.1.a of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit E.

c.      "Publication Notice" means the summary notice of the Settlement that will be published pursuant to Section III.G.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit F.

d.      "Website Notice" means the website notice made available pursuant to Section III.G.3 of this Agreement, including the long form notice attached hereto as Exhibit G.

16.     "Parties" means Plaintiffs and Sallie Mae, while "Party" means either of them.

17.     "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement in the form jointly agreed upon by the Parties.

18.     "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the proposed form of which is attached hereto as Exhibit H.

19.     "Released Claims" means all claims to be released as set forth in Section III.O of this Agreement.  The "Releases" means all of the releases contained in Section III.O of this Agreement.

20.     "Releasing Parties" means Plaintiffs and each and every Settlement Class Member.

21.     "Sallie Mae's Counsel" means Stroock & Stroock & Lavan LLP.

22.     "Sallie Mae Released Parties" means Sallie Mae, Inc., its parent company SLM Corporation, and each and all of their respective present, former and future direct and indirect parent companies, affiliates, attorneys, subsidiaries, agents and successors and predecessors-in-interest.

5

23. "Settlement Class" refers to the approximately 251,000 persons who Sallie Mae has identified in available records for purposes of the Settlement as possibly having been called. Sallie Mae denies that it or any other entity called these persons without consent.

24. "Settlement Class Member" means any person in the Settlement Class who does not opt out of the Settlement.

25. "Settlement Costs" means (a) any award of attorneys' fees and costs to Class Counsel approved by the Court; (b) any incentive awards to Plaintiffs approved by the Court; (c) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, Mail Notice, Email Notice, Publication Notice and Website Notice and any additional notice or telephone assistance that might be ordered by the Court); (d) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments and Claim Forms and the cost of maintaining a designated post office box for receiving Claim Forms; and (e) the fees, expenses and all other costs of the Claims Administrator.

B. Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III. <u>TERMS OF SETTLEMENT</u>

A. <u>Conditional Certification of the Settlement Class</u>. Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Class. Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is Sallie Mae precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action. Sallie Mae denies that a class should be certified other than for purposes of the Settlement. No agreements made by or entered into by Sallie Mae in

6

connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of class certification. Preliminary certification of a Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor would Sallie Mae be estopped from challenging class certification in further proceedings in the Action in the event the Settlement should not be finalized or finally approved by the Court.

   B. <u>Preliminary Approval</u>: Following full execution of this Agreement, Plaintiffs will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within sixty (60) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for persons in the Settlement Class to object to the Settlement or exclude themselves from the Settlement Class, and set a date forty-five (45) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene (the "Opt-Out and Objection Deadline"); (f) approve the Claim Form and the claims process described herein, and set a deadline for timely submission of claims; (g) pending final determination of whether the Settlement should be approved, bar all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Sallie Mae Released Parties and anyone calling on their behalf any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (h)

pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (i) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

      C.    <u>The Settlement Fund</u>.  Within twenty-one (210 days of Preliminary Approval, Sallie Mae shall pay the total cash sum of $9,250,000 into the account described in this Section III.C (the "Fund") in settlement of the claims of Plaintiffs and the Settlement Class Members.  The Fund shall be used to make payments to claiming Settlement Class Members, as discussed below, any *Cy Pres* Distribution and the Settlement Costs.  The Fund, including any interest, shall be reduced by the Settlement Costs prior to determining and paying any amounts to Settlement Class Members.  The Settling Defendants shall not be obligated to pay any additional amounts of any kind in connection with the Settlement.  Except as otherwise provided herein, the Fund will be non-reversionary.  Subject to Court approval and oversight, the account used for the Fund shall be an interest-bearing account mutually agreed to by the Parties.  Any interest earned on any amounts in the account shall be allocated to pay Settlement Costs.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Fund (including accrued interest), less any incurred expenses, shall be refunded to Sallie Mae.

      D.    <u>Authority To Withdraw Funds For Settlement Costs</u>.  With the consent of Sallie Mae for each withdrawal, Class Counsel shall have the ability and the authority to withdraw from the account all amounts necessary to pay Settlement Costs and Cash Awards.

      E.    <u>Claims Administrator</u>.  The settlement distribution process will be administered by the Claims Administrator.  Sallie Mae will reasonably cooperate in the notice and administration process by providing the Claims Administrator with access to names, mailing addresses and email addresses for persons in the Settlement Class.

      F.    <u>Class Notice</u>.  The Claims Administrator shall provide Class Notice in the forms approved by the Court, as detailed below, by the Notice Deadline.

8

1.     Direct Notice.  The Claims Administrator will provide individual notice to the best address the Parties can obtain given the following procedures:

a.     *United States Mail*.  For persons in the Settlement Class as to whom Sallie Mae has a mailing address, notice shall be first sent to the most recent address as reflected in Sallie Mae's reasonably available computerized account records.   Skip tracing shall be performed for all returned mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund.  The Mail Notice shall direct recipients to the Website Notice.

b.     *Email Notice*.  Notice shall first be sent by email to all persons in the Settlement Class as to whom Sallie Mae does not have a mailing address, but has an email address.  Emails sent shall have a "return receipt" or other such function that permits the Claims Administrator to reasonably determine whether emails have been opened.

c.     *Reverse Lookup*.  In instances where Sallie Mae does not have an address associated with a telephone number it called, for example "wrong numbers," the Claims Administrator shall perform a reverse look-up for the telephone number in Sallie Mae's records, to find a likely name and address for the number called.

2.     Publication Notice.  In addition to the direct notice set forth above, the Claims Administrator shall also provide for Publication Notice.  Publication Notice shall be put in a nationally distributed newspaper.  The Publication Notice shall refer persons in the Settlement Class to the website, set forth below, and provide a toll-free number to call for the Claim Form and details regarding the Settlement.

3.     Website Notice.  The Claims Administrator will establish and maintain the Website Notice website.   The Website Notice website will be established by the Claims Administrator and dedicated to the Settlement.  On the website will be posted the Mail Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Order and any other materials the Parties agree to include.  The Website Notice website shall also provide for online submission of Claim Forms.  These documents shall be available on the Website Notice website no later than

9

the Notice Deadline and remain at least until Final Approval. The Claims Administrator shall secure a URL for the Website Notice website selected by Class Counsel and approved by Sallie Mae. The Website Notice website shall not include any advertising, and shall not bear or include Sallie Mae's logo or trademarks.

        4.    <u>CAFA Notice</u>. Sallie Mae shall be responsible for timely compliance with all CAFA notice requirements.

    G.    <u>Cash Awards</u>.

        1.    <u>Awards</u>. Cash Awards shall be made to Settlement Class Members on a claims-made basis. Each valid and timely claim will be paid a pro rata share of the Fund after Settlement Costs are deducted.

        2.    <u>Conditions For Claiming Cash Awards</u>. To make a claim on the Fund, a Settlement Class Member must submit a valid and timely Claim Form. Claim Forms may be submitted by mail or via a web form to the Claims Administrator. Only one valid claim will be honored per Settlement Class Member, regardless of the number of calls directed to that Settlement Class Member.

        3.    <u>Distribution of Cash Awards</u>. Cash Awards shall be mailed by the Claims Administrator within 60 days after the Effective Date. The Claims Administrator shall mail, by first class mail, a check to each Settlement Class Member receiving a Cash Award. The Claims Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs and deducted from the Fund. Checks will be valid for 90 days from the date on the check.

    H.    <u>Second Distribution of Cash Awards and *Cy Pres* Distribution</u>: If there are any uncashed checks after the 90 day period, there will be a second distribution provided that each claimant's pro rata share is at least $10 after Settlement Costs. If the pro rata share is less than $10 after Settlement Costs or there are any uncashed checks after the second distribution, the parties will petition the court to award any such funds to an agreed upon *cy pres* recipient for the

funds to be used for the benefit of the Settlement Class. Any *Cy Pres* Distribution shall be made within 120 days of the mailing (or re-mailing) of the last settlement check.

      I.    <u>Incentive Awards</u>. Sallie Mae will not object to incentive awards that do not exceed $5,000 to Nicholas Cummings and $2,500 to Steffanie Penman, to be paid out of the Fund, subject to Court approval. Such incentive awards shall be paid at the time the attorneys' fees and costs payments to Class Counsel are due. Court approval of the incentive awards, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

      J.    <u>Attorneys' Fees And Costs</u>. Plaintiffs shall move the Court for an award of attorneys' fees, plus costs, to be paid to Class Counsel from the Fund. Sallie Mae shall not object to such a motion so long as the amount requested is less than or equal to $3,052,500, which is 33% of the value of the Fund. Court approval of attorneys' fees, or their amount, will not be a condition of the Settlement. In addition, Class Counsel shall not be entitled to interest on such amount at any time. The Court approved attorneys' fees shall be paid within fourteen (14) days of Final Approval, provided that there are no objectors. In the event there are objectors, the Court approved attorneys' fees shall be paid within seven (7) days of the Effective Date.

      K.    <u>Opt-Out Right/Termination</u>.

      1.    <u>Opt-Out Requirements</u>. Persons in the Settlement Class may opt out of the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person in the Settlement Class who requests exclusion; (ii) include the full name, address and phone number of the person requesting exclusion; and (iii) include substantially the following statement: "I/we request to be excluded from the settlement in the <u>Cummings</u> action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person from the Settlement Class. In its sole

11

discretion and at its sole option, Sallie Mae reserves the right, but not the obligation, to terminate this Agreement if the total number of opt-outs exceeds 200 persons in the Settlement Class.

        2.      <u>Retention of Exclusions</u>.  The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to respective counsel for the Parties.  Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class properly opted out.

        L.      <u>Objections To The Settlement</u>.

        1.      <u>Right To Object</u>.  Any Settlement Class Member may appear at the Final Approval Hearing to object to the Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Settlement Class Member has first submitted a written objection in accordance with the requirements set forth in Section III.L.2 below, by the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section III.L shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the plan of allocation or the award of any attorneys' fees and/or service awards.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court by the Opt-Out and Objection Deadline.

        2.      <u>Objection Requirements</u>.  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and mail it to each of the following, postmarked not later than the last day to file the objection:  (a) Class Counsel – Keith J. Keogh, Keogh Law , Ltd, 55 W. Monroe St., Ste. 3390, Chicago, Il 60603;  (b) Sallie Mae's Counsel – Lisa M. Simonetti, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, CA 90067-3086 and (c) the Clerk of the Court, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.  The written objection must (a) contain information

sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (b) include a statement of such Settlement Class Member's specific objections; and (c) state all grounds for such objections, as well as identify any documents which such objector desires the Court to consider. Only those specific objections, grounds and documents that comply with the requirements in this paragraph may be submitted.

M. <u>Final Approval</u>. Following completion of the Notice Program and expiration of the Opt-Out and Objection Period, Plaintiffs shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class Members; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund; (d) finally certify the Settlement Class; (e) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Sallie Mae Released Parties and anyone calling on their behalf; and (f) dismiss the Action with prejudice, without costs to any Party, except as provided in this Agreement, and subject to the Court's retaining continuing jurisdiction over the Parties and the Fund for the purpose of enforcement of the terms of this Agreement.

N. <u>Dismissal</u>. Upon entry of the Final Approval Order, the Action shall be dismissed without prejudice as to Plaintiffs and all Settlement Class Members and, upon the report to the Court of the distribution of all funds called for in the Settlement, the case will be dismissed with prejudice. The Parties shall jointly submit that report to the Court within 180 days of Final Approval.

O. <u>Releases</u>. At the Effective Date, Releases will be provided as follows:

1.      Plaintiffs and each Settlement Class Member, and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, will be deemed to have fully released and forever discharged the Sallie Mae Released Parties and anyone calling on the Sallie Mae Released Parties' behalf from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory: (a) that arise out of or relate to the use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make "calls" to a cellular telephone (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) used by or on behalf of the Sallie Mae Released Parties in connection with efforts to contact or attempt to contact Settlement Class Members, including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel based on any claim arising from the allegedly improper use of automatic telephone dialing systems and/or an artificial or prerecorded voice; or (b) that arise out of or relate in any way to the administration of the Settlement.

Without limiting the foregoing, the Released Claims specifically extend to claims, arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded

voice, that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and these Releases, become effective. This paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

2. Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Sallie Mae Released Parties and anyone calling on the Sallie Mae Released Parties' behalf, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

P. <u>Stay/Bar Of Proceedings</u>. All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the Action, and no person in the Settlement Class, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Sallie Mae Released Parties and anyone calling on their behalf any action or proceeding

asserting any of the Released Claims. The Preliminary Approval Order will contain an injunction enjoining the commencement or prosecution of Released Claims by persons in the Settlement Class or persons purporting to act on their behalf pending final approval of the Settlement. The Settlement will be conditioned upon the entry of such an injunction.

Q. <u>No Admissions</u>. Sallie Mae expressly disclaims and denies any wrongdoing or liability whatsoever. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Sallie Mae of any liability or wrongdoing by Sallie Mae or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Sallie Mae; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Sallie Mae in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of Sallie Mae's right to challenge class certification if this Settlement for any reason does not become Final; or (d) is or may be deemed to be a waiver of Sallie Mae's right to seek to enforce any arbitration provision in other cases or against Settlement Class Members who opt out of the Settlement.

R. <u>Notices</u>. Unless otherwise indicated herein, all notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

<u>As to Plaintiffs and the Settlement Class</u>:

Keith J. Keogh, Esq.
Keogh Law Ltd.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603

<u>As to Sallie Mae</u>:

Lisa M. Simonetti, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086

       S.     <u>No Publicity Beyond Notice Procedures</u>.  The Parties and their attorneys will not issue press releases or make other public statements regarding the Settlement.  This provision will not prohibit Class Counsel from communicating with any person in the Settlement Class regarding the Action or the Settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action in communicating with such persons, and will not disclose information that is not a part of the public record.  Plaintiffs and Class Counsel shall refrain from disparaging Sallie Mae publicly or taking any action designed to harm the public perception of Sallie Mae regarding any issue related directly or indirectly to the Action or the Settlement.  Class Counsel shall decline to respond to media inquiries and shall not make any online postings regarding the Settlement or Action.  Nothing in this provision shall prevent Class Counsel from describing the public facts of the Action or terms of the Settlement in a non-disparaging way.

## IV.    <u>GENERAL PROVISIONS</u>

       A.     <u>Settlement Conditioned Upon Approval</u>.  The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.  In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, the parties will return, without prejudice, to the *status quo ante* as if no settlement had been negotiated or entered into and the Memorandum of Understanding, as well as this Agreement, and their existence shall be inadmissible to establish any fact relevant to any alleged liability of the Sallie Mae Released Parties and anyone calling on their behalf for the matters alleged in the Action or for any other purpose.

17

B.    Evidentiary Preclusion.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Sallie Mae Released Parties and anyone calling on their behalf; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Sallie Mae Released Parties and anyone calling on their behalf in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be a waiver of Sallie Mae's right to seek to enforce any arbitration provision in other cases or against Settlement Class members who opt out of the Settlement.  In addition, neither the fact of, nor any documents relating to Sallie Mae's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.  The Sallie Mae Released Parties and anyone calling on their behalf may file the Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.    Time Periods.  The time periods and dates described in this Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court with the consent of the Parties.

D.    No Construction Against Drafter.  This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

E.    Entire Agreement.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement, including the Memorandum of Understanding executed on July 29,

18

2013.  This Agreement may be amended or modified only by a written instrument signed by all parties or their successors in interest and their respective counsel, and approved by the Court.

F.      Governing Law.  The Agreement is governed by the laws of the State of Illinois, without reference to internal choice of law principles.

G.      Authority.  Plaintiffs and Sallie Mae represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Sallie Mae to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

H.      Receipt of Advice of Counsel.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained in Section III.P above, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

I.      Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the parties.

J.      Execution In Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Facsimile or pdf signatures shall be deemed as valid and binding as an original signature on this Agreement.

K.      Miscellaneous Provisions.

1.      Each and every exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

2.      The provisions of the Agreement may be waived only in a writing executed by the waiving Party.  The waiver by one party of any breach of this Agreement by any other Party

19

shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

3.      Each party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

4.      This Agreement has been carefully read by each of the Parties, or the responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each party executing it.

5.      No Party has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6.      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2013:

LA 51704489

By: _____
      Nicholas Cummings, Plaintiff


By: _____
      Steffanie Penman, Plaintiff


SALLIE MAE, INC.


By: _____


Its: _____


**APPROVED AS TO FORM AND CONTENT:**
KEOGH LAW, LTD

By: _____
      Keith J. Keogh, Class Counsel

PHILIPPS & PHILIPPS, LTD.


By: _____
      David J. Philipps, Class Counsel



BURKE LAW OFFICES, LLC


By: _____
      Alexander H. Burke, Class Counsel


**APPROVED AS TO FORM:**
STROOCK & STROOCK & LAVAN LLP


By: _____
      Lisa    M.    Simonetti,    Counsel    for

                                                21

LA 51704489

By: _____
    Nicholas Cummings, Plaintiff

By: _____
    Steffanie Penman, Plaintiff

SALLIE MAE, INC.

By: _____

Its: _____

**APPROVED AS TO FORM AND CONTENT:**
KEOGH LAW, LTD

By: _____
    Keith J. Keogh, Class Counsel

PHILIPPS & PHILIPPS, LTD.

By: _____
    David J. Philipps, Class Counsel

BURKE LAW OFFICES, LLC

By: _____
    Alexander H. Burke, Class Counsel

**APPROVED AS TO FORM:**
STROOCK & STROOCK & LAVAN LLP

By: _____
    Lisa   M.   Simonetti,   Counsel   for

21

By: _____
     Nicholas Cummings, Plaintiff


By: _____
     Steffanie Penman, Plaintiff


SALLIE MAE, INC.


By: _____


Its: _____


**APPROVED AS TO FORM AND CONTENT:**
KEOGH LAW, LTD


By: _____
     Keith J. Keogh, Class Counsel

PHILIPPS & PHILIPPS, LTD.

By: _____
     David J. Philipps, Class Counsel


BURKE LAW OFFICES, LLC


By: _____
     Alexander H. Burke, Class Counsel


**APPROVED AS TO FORM:**
STROOCK & STROOCK & LAVAN LLP


By: _____
     Lisa   M.   Simonetti,   Counsel   for

21

By: _____
    Steffanie Penman, Plaintiff


SALLIE MAE, INC.


By: _____


Its: _____


**APPROVED AS TO FORM AND CONTENT:**
KEOGH LAW, LTD


By: _____
    Keith J. Keogh, Class Counsel

PHILIPPS & PHILIPPS, LTD.


By: _____
    David J. Philipps, Class Counsel



BURKE LAW OFFICES, LLC


By: _____
    Alexander H. Burke, Class Counsel


**APPROVED AS TO FORM:**
STROOCK & STROOCK & LAVAN LLP

By: *Lisa Simonetti SSH*
    Lisa M. Simonetti, Counsel for
    Defendant Sallie Mae, Inc.

21

# EXHIBIT A

Case: 1:12-cv-09984 Document #: 64 Filed: 10/16/13 Page 27 of 66 PageID #:2643

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| NICHOLAS CUMMINGS and | ) | |
| STEFFANIE PENMAN, on behalf of | ) | |
| themselves and others similarly situated, | ) | 1:12-cv-9984 |
| | ) | |
| Plaintiffs, | ) | Judge Gottschall |
| | ) | |
| v. | ) | |
| | ) | |
| SALLIE MAE INC. | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

**AMENDED COMPLAINT – CLASS ACTION**

1.    Plaintiffs bring this action for damages, and other legal and equitable remedies, against Sallie Mae, Inc. (hereinafter referred to as "Defendant") for negligently, knowingly, and/or willfully contacting them on their cellular telephone without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").  The TCPA prohibits automated telephone calls to cellular telephones without prior express consent.

2.    "Voluminous consumer complaints about abuses of telephone technology--for example, computerized calls dispatched to private homes-- prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744, 181 L.Ed.2d 881 (2012).  In an effort to enforce this fundamental federal right to privacy, Plaintiffs file the instant class action complaint alleging violations of the TCPA.

3.     Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 28 U.S.C. §1331 (general federal question) and 47 U.S.C. §227 (TCPA).  Venue in this District is proper because Defendant transacts business within this district.

## PARTIES

5.     Plaintiff Nicholas Cummings is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6.     Plaintiff Steffanie Penman is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

7.     Sallie Mae, Inc. is a Delaware corporation, which has as its registered agent CT Corporation System, 208 S. LaSalle, Ste. 814 Chicago, Il. 60604.

## THE TELEPHONE CONSUMER PROTECTION
## ACT OF 1991 (TCPA), 47 U.S.C. § 227

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii)

2

prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

### FACTS

12.     At all times relevant, Plaintiffs were individuals residing in the State of Illinois.

13.     Plaintiffs are, and at all times mentioned herein were, each a "person" as defined by 47 U.S.C. § 153(10).

14.     Plaintiff Cummings received calls from Defendant on his cellular telephone including calls after September 17, 2012. These telephone calls from Defendant were an attempt to collect a debt relating to plaintiff's sister.

15.     It appears that Sallie Mae was calling third parties related to its customers in attempts to collect debts as Sallie Mae also called plaintiff's grandmother.

3

16.     Plaintiff Penman similarly received calls on her cellular telephone in 2012 and 2013, even though she never provided her cellular telephone number to Sallie Mae.

17.     Some of the calls to each plaintiff included prerecorded messages.

**Sallie Mae**

18.     On September 2, 2010, Sallie Mae entered into a class wide settlement to resolve TCPA claims.

19.     The settlement was amended on October 7, 2011 and provided for a settlement fund of $24,150,000.00.

20.     Notice of the settlement was sent to over seven million class members.

21.     Despite the substantial settlement, Sallie Mae continues to violate the TCPA.

22.     Defendant is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

23.     All telephone contact by Defendant to Plaintiffs on their cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint and were not part of the settlement class in *Arthur v Sallie Mae*.

24.     The telephone number that Defendant dialed with an "automatic telephone dialing system" to contact Plaintiffs was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii) and were for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

25.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

4

## COUNT I - TCPA CLASS CLAIM (CELLULAR CALLS)

26.     Plaintiffs incorporate the above factual allegations herein.

27.     Defendant made automated telephone calls to the wireless telephone numbers of Plaintiffs and the other class members using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28.     Defendant made prerecorded calls to the wireless telephone numbers of Plaintiffs and the other class members.

29.     Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ."  As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

30.     If the court finds that Defendant's misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiffs and the class.

31.     Plaintiffs and class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

32.     Plaintiffs propose the following class definition, subject to amendment as appropriate:

(1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic

5

telephone dialing system or an artificial or prerecorded voice (5) on or after September 15, 2010. Excluded from this class are persons who provided their cell numbers in the transaction that resulted in the debt and who released *all* of their claims as a result of the class settlement in *Arthur v Sallie Mae*.

33. Plaintiffs do not know the exact number of members in the Class, but based upon the size of the recently settled Sallie Mae TCPA class and nationwide practices of Defendant, Plaintiffs reasonably believe that class members number in the tens of thousands if not millions.

34. Plaintiffs and all members of the class have been harmed by the acts of Defendant.

35. This Class Action Complaint seeks money damages and injunctive relief.

36. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendant.

37. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made nonemergency calls to Plaintiffs and class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c. Whether Defendant's conduct was knowing and/or willful;

6

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. As persons who received telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each class member. Plaintiffs will fairly and adequately represent and protect the interests of the class, and she has no interests which are antagonistic to any member of the class.

39. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

40. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

41. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class members and against Defendant for:

a.      As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b.      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.      Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

d.      An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

e.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

f.      Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Keith J. Keogh
One of Plaintiff's attorneys

Keith J. Keogh
Timothy J. Sostrin
Katherine Bowen
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois   60603
312.726.1092 (office)

312.726.1093 (fax)
Keith@KeoghLaw.com

David J. Philipps
Mary E. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
davephilipps@aol.com

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/ Keith J. Keogh

# EXHIBIT B

*Nicholas Cummings, et al. v. Sallie Mae, Inc.*, U.S.D.C., Northern District of Illinois, Eastern Division, Case No. 1:12-cv-9984

# SETTLEMENT CLAIM FORM

**To receive benefits from this settlement, your Claim Form must be submitted on or before _____.**

## Your Information

1. Your name: _____

2. Address: _____

   City: _____ State: _____ Zip Code: _____

3. Contact telephone number: _____ Email: _____

4. Cell phone number at which you received phone call(s) from Sallie Mae: _____

## Return the Claim Form

_____ TCPA SETTLEMENT ADMINISTRATOR
[INSERT ADDRESS]

Your mailed claim form must be postmarked **on or before** _____.

**- or -**

Instead of mailing the Claim Form, complete a Claim Form via the Internet at _____. Internet Claim Forms must be submitted **on or before** _____.

**YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME. THANK YOU IN ADVANCE FOR YOUR PATIENCE.**

**QUESTIONS? A COPY OF THE CLASS NOTICE, SETTLEMENT AGREEMENT AND OTHER INFORMATION REGARDING THE SETTLEMENT IS AVAILABLE AT _____ OR WRITE OR CALL THE CLAIMS ADMINISTRATOR AT _____ OR (___) ___-___ (TOLL-FREE).**

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NICHOLAS CUMMINGS and STEFFANI
PENMAN, on behalf of themselves and others
similarly situated,

                Plaintiff,

    v.

SALLIE MAE, INC.,

                Defendant.

NO. 1:12-CV-1612

Honorable Joan B. Gottschall

**[PROPOSED] FINAL APPROVAL ORDER AND ORDER OF DISMISSAL**

The Court having held a Final Approval Hearing on _____, notice of
the Final Approval Hearing having been duly given in accordance with this Court's Order
(1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action
Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary
Approval Order"), and having considered all matters submitted to it at the Final Approval
Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and
good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement dated _____, including its exhibits (the
"Settlement Agreement"), and the definition of words and terms contained therein are
incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order
are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Actions and over the
Parties, including all members of the following Settlement Class certified for settlement purposes
in this Court's Preliminary Approval Order:

- 1 -

> SETTLEMENT CLASS: The approximately 251,000 persons who Sallie Mae has identified in available records as possibly having been called from September 15, 2010 through and including _____.

Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

3.     The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among Plaintiffs, Class Counsel and Sallie Mae.

4.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.F of the Settlement Agreement and was in compliance with this Court's Preliminary Approval Order.

5.     The Court further finds and concludes that the Class Notice and claims submission procedures set forth in Sections III.F – G of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6.     This Court hereby finds and concludes that the notice provided by Sallie Mae to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.     The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the

Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8.      The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

9.      This Court hereby dismisses the Action without prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.  Upon the filing of a Final Report as to the distribution of the settlement fund to the Class, the dismissal will be converted to a dismissal with prejudice, and the Court shall no longer retain jurisdiction over this matter. The parties are directed to file a Final Report by _____.

10.     Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally releases and forever discharge the Sallie Mae Released Parties and anyone calling on the Sallie Mae Released Parties' behalf from the Released Claims. In addition, any rights of the Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

11.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Sallie Mae Released Parties or anyone calling

- 3 -

on the Sallie Mae Released Parties' behalf.  This permanent bar and injunction is necessary to

protect and effectuate the Settlement Agreement, this Final Judgment and Order of Dismissal and

this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this

Court's jurisdiction and to protect its judgments.

      12.     The Settlement Agreement (including, without limitation, its exhibits), and any

and all negotiations, documents and discussions associated with it, shall not be deemed or

construed to be an admission or evidence of any violation of any statute, law, rule, regulation or

principle of common law or equity, of any liability or wrongdoing, by Sallie Mae, or of the truth

of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement

Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the

Action or in any other action or proceeding, except for purposes of enforcing the terms and

conditions of the Settlement Agreement, the Preliminary Approval Order and/or this Order.

      13.     If for any reason the Settlement terminates or Final Approval does not occur, then

certification of the Settlement Class shall be deemed vacated.  In such an event, the certification

of the Settlement Class for settlement purposes shall not be considered as a factor in connection

with any subsequent class certification issues, and the Parties shall return to the status quo ante in

the Action, without prejudice to the right of any of the Parties to assert any right or position that

could have been asserted if the Settlement had never been reached or proposed to the Court.

      14.     In the event that any provision of the Settlement or this Final Judgment and Order

of Dismissal is asserted by Sallie Mae as a defense in whole or in part to any Claim, or otherwise

asserted (including, without limitation, as a basis for a stay) in any other suit, action, or

proceeding brought by a Settlement Class Member or any person actually or purportedly acting

on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be

immediately stayed and enjoined until this Court or the court or tribunal in which the claim is

pending has determined any issues related to such defense or assertion.  Solely for purposes of

such suit, action, or other proceeding, to the fullest extent they may effectively do so under

applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a

defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the

Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These

provisions are necessary to protect the Settlement Agreement, this Order and this Court's

authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to

protect its judgment.

   15. The Court approves Class Counsel's application for $_____$ in

attorneys' fees and costs, and for a service award to the Plaintiffs, Mr. Cummings  in the amount

of $_____$ and Ms. Penman in the amount of $_____$.

   16. Finding that there is no just reason for delay, the Court orders that this Final

Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the

Federal Rules of Civil Procedure.  The Clerk of the Court is directed to enter this Order on the

docket forthwith.

   IT IS SO ORDERED.


Dated: _____  _____
             The Honorable Joan B. Gottschall
             United States District Court Judge

LA 51703493v3
12/10/2013

# EXHIBIT D

**Subject: [insert full name]: Court-Ordered Notice of Settlement**

Dear [insert name],

You are receiving this email because you may be a class member in the settlement of the litigation entitled <u>Cummings v. Sallie Mae, Inc.</u>, U.S.D.C., Northern District of Illinois, Eastern Division, Case No. 1:12-cv-9984 ("<u>Cummings</u>").  **This notice is only a summary.  Details of the settlement are available at _____ or by writing to or calling the Settlement Administrator at the address or toll-free number below.**

**DESCRIPTION OF LITIGATION.**  In <u>Cummings</u>, plaintiffs Nicholas Cummings and Steffani Penman ("Plaintiffs"), on behalf of themselves and a supposed class of people, allege that Sallie Mae violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et seq.</u> (the "*TCPA*"), by placing calls, on or after September 15, 2010, to certain persons' cellular phones using an autodialer or prerecorded messages without first obtaining the consent required by the TCPA.  Sallie Mae denies these allegations; however, in order to avoid the expense, inconvenience and distraction of continued litigation, Sallie Mae has agreed to the settlement described herein.  The Court has not ruled on the merits of Plaintiffs' claims or Sallie Mae's defenses.

**WHO IS A CLASS MEMBER?**  The approximately 251,000 persons who Sallie Mae has identified in available records for purposes of the Settlement as possibly having been called by or on behalf of Sallie Mae through the use of an autodialer or prerecorded messages from September 15, 2010 through and including _____.

**TERMS OF THE SETTLEMENT.**  Sallie Mae has agreed to pay $9,250,000 into a fund (the "Fund") in full and complete settlement and release of all claims of Plaintiffs and the Settlement Class Members, as described in the Settlement Agreement.  The Fund will be divided *pro rata* among all Settlement Class Members who send in a valid claim form, after attorneys' fees, costs and other expenses have been deducted.  Class Counsel will ask the Court to approve an award of up to one third of the entire Fund to them for attorneys' fees and expenses and $5,000 to Nicholas Cummings and $2,500 to Steffani Penman for their services as Class Representatives.  If there are any uncashed checks, that money will be redistributed to Settlement Class Members or be distributed *cy pres* to charity.

**HOW DO YOU MAKE A CLAIM?**  In order to receive a payment from the Fund, you must submit a signed and completed Claim Form (attached) by mail to the Claims Administrator postmarked no later than _____. The Claim Form is also available at _____.

**OTHER OPTIONS.**  If you do not want to be legally bound by the Settlement, you may opt out of the Settlement by sending a request for exclusion to the Claims Administrator **no later than _____**.  If you exclude yourself from the Settlement, you will not receive any money from the Settlement.  If you stay in the Settlement (<u>i.e.</u> do not exclude yourself from the Settlement), you may object to the Settlement by explaining in writing why you do not like the Settlement by **no later than _____**.  You will be bound by the Settlement if your objection is rejected.  If you do nothing (<u>i.e.</u> submit no Claim Form or request for exclusion), you will not receive any benefits from the Settlement, but will nevertheless be bound by any judgment approving the Settlement and will give up any right to sue Sallie Mae or related parties for any known or unknown claims relating to calls made to your cellular telephone number, including alleged violations of the TCPA.

**FINAL APPROVAL HEARING.** The Court will hold a hearing in this case to consider whether to approve the Settlement on _____, at _____, U.S. District Court for the Northern District of Illinois Eastern Division located at 219 South Dearborn Street, Chicago, IL 60604, Courtroom 2325.

**THIS NOTICE IS ONLY A SUMMARY. COMPLETE DETAILS ABOUT YOUR RIGHTS AND OPTIONS ARE AVAILABLE AT _____, OR WRITE OR CALL THE CLAIMS ADMINISTRATOR AT _____ OR (___) ___-___ (TOLL-FREE). DO NOT CALL, OR WRITE TO, THE COURT, THE CLERK OF THE COURT OR SALLIE MAE'S COUNSEL. ALSO, DO NOT CONTACT SALLIE MAE ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT E

**Automated calls may have been directed to your cell phone by Sallie Mae, Inc. from September 15, 2010 through \_\_\_\_\_, and you may be entitled to payment from a class action settlement.**

**This Court-Authorized Notice describes your rights and gives information about the proposed settlement. This notice is only a summary. Details of the settlement are available at _____ or by writing to or calling the Claims Administrator at the address or toll-free number below**

**DESCRIPTION OF LITIGATION.** In the lawsuit entitled <u>Cummings v. Sallie Mae, Inc.</u>, U.S.D.C., Northern District of Illinois, Case No. 1:12-cv-9984, plaintiffs Nicholas Cummings and Steffani Penman ("Plaintiffs"), on behalf of themselves and a supposed class of people, allege that Sallie Mae violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls on or after September 15, 2010, to certain persons' cellular phones using an autodialer or prerecorded messages without first obtaining the consent required by the TCPA. Sallie Mae denies these allegations; however, in order to avoid the expense, inconvenience and distraction of continued litigation, Sallie Mae has agreed to the settlement described herein. The Court has not ruled on the merits of Plaintiffs' claims or Sallie Mae's defenses.

**WHO IS A CLASS MEMBER?** The approximately 251,000 persons who Sallie Mae has identified in available records for the purposes of the Settlement as possibly having been called by or on behalf of Sallie Mae through the use of an autodialer or prerecorded messages from September 15, 2010 through and including _____.

**TERMS OF THE SETTLEMENT.** Sallie Mae has agreed to pay $9,250,000 into a fund (the "Fund") in full and complete settlement and release of all claims of Plaintiffs and the Settlement Class Members, as described in the Settlement Agreement. The Fund will be divided *pro rata* among all Settlement Class Members who send in a valid claim form, after attorneys' fees, costs and other expenses have been deducted. Class Counsel will ask the Court to approve an award of up to one third of the entire Fund to them for attorneys' fees and expenses and $5,000 to Nicholas Cummings and $2,500 to Steffani Penman for their services as Class Representatives. If there are any uncashed checks, that money will be redistributed to Settlement Class Members or be distributed *cy pres* to charity.

**HOW DO YOU MAKE A CLAIM?** In order to receive a payment from the Fund, you must submit a signed and completed Claim Form (attached) by mail to the Claims Administrator postmarked **no later than** _____. The Claim Form is also available at _____.

**OTHER OPTIONS.** If you do not want to be legally bound by the Settlement, you may opt out of the Settlement by sending a request for exclusion to the Claims Administrator **no later than** _____. If you exclude yourself from the Settlement, you will not receive any money from the Settlement. If you stay in the Settlement (i.e. do not exclude yourself from the Settlement), you may object to the Settlement by explaining in writing why you do not like the Settlement by **no later than** _____. You will be bound by the Settlement if your objection is rejected. If you do nothing (i.e. submit no Claim Form or request for exclusion) you will not receive any benefits from the Settlement, but will nevertheless be bound by any judgment approving the Settlement and will give up any right to sue Sallie Mae or related parties for any known or unknown claims relating to calls made to your cellular telephone number, including alleged violations of the TCPA.

**FINAL APPROVAL HEARING.** The Court will hold a hearing in this case to consider whether to approve the Settlement on _____, at \_\_\_\_\_, U.S. District Court for the Northern District of Illinois Eastern Division located at 219 South Dearborn Street, Chicago, IL 60604, Courtroom 2325.

**THIS NOTICE IS ONLY A SUMMARY. COMPLETE DETAILS ABOUT YOUR RIGHTS AND OPTIONS ARE AVAILABLE AT _____, OR WRITE OR CALL THE CLAIMS ADMINISTRATOR AT _____ OR (\_\_\_) \_\_\_-\_\_\_ (TOLL-FREE). DO NOT CALL, OR WRITE TO, THE COURT, THE CLERK OF THE COURT OR SALLIE MAE'S COUNSEL. ALSO, DO NOT CONTACT SALLIE MAE ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT F

**TO CERTAIN PERSONS TO WHOM CALLS WERE PLACED ON THEIR CELL PHONES BY OR ON BEHALF OF SALLIE MAE THROUGH USE OF AN AUTODIALER OR PRERECORDED MESSAGES FROM SEPTEMBER 15, 2010 THROUGH _____**

**Read This Notice Carefully. You Could Receive Benefits from this Class Action Settlement**

**This Court-Authorized Notice describes your rights and gives information about the proposed settlement. This notice is only a summary. Details of the settlement are available at _____ or by writing to or calling the Claims Administrator at the address or toll-free number below**

**DESCRIPTION OF LITIGATION.** In the lawsuit entitled <u>Cummings v. Sallie Mae, Inc.</u>, U.S.D.C., Northern District of Illinois, Case No. 1:12-cv-9984, plaintiffs Nicholas Cummings and Steffani Penman ("Plaintiffs"), on behalf of themselves and a supposed class of people, allege that Sallie Mae violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls, on or after September 15, 2010, to certain persons' cellular phones using an autodialer or prerecorded messages without first obtaining the consent required by the TCPA. Sallie Mae denies these allegations; however, in order to avoid the expense, inconvenience and distraction of continued litigation, Sallie Mae has agreed to the settlement described herein. The Court has not ruled on the merits of Plaintiffs' claims or Sallie Mae's defenses.

**WHO IS A CLASS MEMBER?** The approximately 251,000 persons who Sallie Mae has identified in available records for the purposes of the Settlement as possibly having been called by or on behalf of Sallie Mae through the use of an autodialer or prerecored messages from September 15, 2010 through and including _____.

**TERMS OF THE SETTLEMENT.** Sallie Mae has agreed to pay $9,250,000 into a fund (the "Fund") in full and complete settlement and release of all claims of Plaintiffs and the Settlement Class Members, as described in the Settlement Agreement. The Fund will be divided *pro rata* among all Settlement Class Members who send in a valid claim form, after attorneys' fees, costs and other expenses have been deducted. Class Counsel will ask the Court to approve an award of up to one third of the entire Fund to them for attorneys' fees and expenses and $5,000 to Nicholas Cummings and $2,500 to Steffani Penman for their services as Class Representatives. If there are any uncashed checks, that money will be redistributed to Settlement Class Members or be distributed *cy pres* to charity.

**HOW DO YOU MAKE A CLAIM?** In order to receive a payment from the Fund, you must submit a signed and completed Claim Form by mail to the Claims Administrator postmarked **no later than** _____. The Claim Form is also available at _____.

**OTHER OPTIONS.** If you do not want to be legally bound by the Settlement, you may opt out of the Settlement by sending a request for exclusion to the Claims Administrator **no later than** _____. If you exclude yourself from the Settlement, you will not receive any money from the Settlement. If you stay in the Settlement (<u>i.e.</u> do not exclude yourself from the Settlement), you may object to the Settlement by explaining in writing why you do not like the Settlement by **no later than** _____. You will be bound by the Settlement if your objection is rejected. If you do nothing (<u>i.e.</u> submit no Claim Form or request for exclusion), you will not receive any benefits from the Settlement, but will nevertheless be bound by any judgment approving the Settlement and will give up any right to sue Sallie Mae or related parties for any known or unknown claims relating to calls made to your cellular telephone number, including alleged violations of the TCPA.

**FINAL APPROVAL HEARING.** The Court will hold a hearing in this case to consider whether to approve the Settlement on _____, at _____, U.S. District Court for the Northern District of Illinois Eastern Division located at 219 South Dearborn Street, Chicago, IL 60604, Courtroom 2325.

**THIS NOTICE IS ONLY A SUMMARY. COMPLETE DETAILS ABOUT YOUR RIGHTS AND OPTIONS ARE AVAILABLE AT _____, OR WRITE OR CALL THE CLAIMS ADMINISTRATOR AT _____ OR (___) ___-___ (TOLL-FREE). DO NOT CALL, OR WRITE TO, THE COURT, THE CLERK OF THE COURT OR SALLIE MAE'S COUNSEL. ALSO, DO NOT CONTACT SALLIE MAE ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

# Automated calls may have been directed to your cell phone by Sallie Mae, Inc. from September 15, 2010 through _____, and you may be entitled to payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A settlement will provide $9,250,000 (the "Fund") to fully settle and release claims of certain persons to whom calls were placed on their cell phones by Sallie Mae, Inc. ("Sallie Mae") or on behalf of Sallie Mae through use of an autodialer or prerecorded messages during the time period set forth above.**

- **The Fund shall include all settlement awards to claiming settlement class members, an attorneys' fee award to be decided by the Court, any incentive award to be determined by the Court and settlement costs. If there are any uncashed checks, that money will be redistributed to settlement class members or be distributed *cy pres* to charity.**

- **The settlement resolves a lawsuit over whether the challenged calls to cellular telephones violated the federal Telephone Consumer Protection Act.**

- **The two sides disagree on whether plaintiffs and the settlement class could have prevailed at trial. By entering into the settlement, Sallie Mae has not conceded the truth or validity of any of the claims against it.**

- **Your legal rights are affected whether you act, or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid claim form by _____, you will receive a payment and will give up certain rights to sue Sallie Mae. |
| EXCLUDE YOURSELF FROM THE CASE | This is the only option that allows you to sue Sallie Mae on your own regarding the legal claims in this case, but you will not receive a payment from the settlement. The deadline for excluding yourself is _____. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you do not like the settlement. The deadline for objecting is _____. |
| DO NOTHING | If you do nothing, you will receive no money from the settlement, but you will still give up certain rights to sue Sallie Mae. |

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT
_____

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

# BASIC INFORMATION

## 1. Why did I get directed to this website?

Based on records available to Sallie Mae, you have been identified as someone to whom calls might have been placed on your cell phone by or on behalf of Sallie Mae through use of an autodialer or prerecorded messages between September 15, 2010 and _____, 2013. Even if you did not receive a postcard notice, you may still be a member of the settlement class if you meet the criteria set forth in Question 5 below.

## 2. What is this lawsuit about?

In the litigation entitled _Nicholas Cummings, et al. v. Sallie Mae, Inc._, U.S.D.C., Northern District of Illinois, Eastern Division, Case No. 1:12-cv-9984 ("Cummings"), plaintiffs Nicholas Cummings and Steffani Penman ("Plaintiffs"), on behalf of themselves and an alleged class of people, allege that Sallie Mae violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls on or after September 15, 2010 to certain persons' cellular phones using an autodialer or prerecorded messages without first obtaining the consent required by the TCPA. Sallie Mae denies these allegations; however, in order to avoid the expense, inconvenience and distraction of continued litigation, Sallie Mae has agreed to the settlement described herein.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (here, Nicholas Cummings and Steffani Penman) sue on behalf of people who allegedly have similar claims. This group is called a Class and the persons included are called Class Members. One court resolves the issues for all of the Class Members, except for those who exclude themselves from the Class. Here, the Court has certified a class action for settlement purposes only. The Honorable Joan Gottschall is in charge of this action.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Sallie Mae. Plaintiffs think they could have won $500 per call made to each class member if they won at trial. Sallie Mae thinks the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Class Members will receive compensation. The Class Representatives and their attorneys think the settlement is best for all Class Members.

2

# Who Is In The Settlement Class?

**5. How do I know if I am a part of the settlement class?**

The Court has certified <u>Cummings</u> for settlement purposes only as a class action. The class (the "Settlement Class") is defined as:

> The approximately 251,000 persons who Sallie Mae has identified in available records for purposes of the Settlement as possibly having been called from September 15, 2010 through, and including _____.

"Settlement Class Member" is defined as any person in the Settlement Class who does not opt out of the settlement. If you are still not sure whether you are included, you can visit _____, you may write the Claims Administrator at _____ or you may call 1-800-***-**** (toll-free) for more information.

## THE LAWYERS REPRESENTING YOU

**6. Do I have lawyers in this case?**

The Court has appointed the law firms of Keogh Law, Ltd., Philipps & Philipps, Ltd and Burke Law Offices, LLC in Chicago, Illinois to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be personally charged by these lawyers.

**7. How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to one third of the entire Fund to them for attorneys' fees and expenses. Class Counsel also will ask the Court to approve payment of $5,000 to Nicholas Cummings and $2,500 to Steffani Penman for their services as Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case and negotiating the settlement. The Court may award less than these amounts. Defendant has agreed not to oppose these fees and expenses.

## The Settlement Benefits

**8. What does the settlement provide?**

Sallie Mae has agreed to create a settlement fund of $9,250,000 to be divided among all Settlement Class Members who send in a valid claim form, after attorneys' fees, costs and other expenses have been deducted. You cannot receive a payment unless you submit a claim form as set forth in Question 11 below.

**9. How much will my payment be?**

Your share of the Fund will depend on the number of valid claim forms that Settlement Class Members send in.

**10. What am I giving up to stay in the Class?**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class, and you will be bound by the release of claims in the settlement. This means that, if the settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against Sallie Mae or other companies asserting a released claim. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form or do nothing, you will agree to release Sallie Mae and other companies from any and all claims under the TCPA and state law that arise from the calls at issue in this action.

# How To Apply For A Payment

**11. How can I get a payment?**

To qualify for a payment, you must send in a claim form. A claim form is attached to this Notice. You may also get a claim form on the internet at _____. Read the instructions carefully, fill out the form, sign it and mail it postmarked no later than _____.

**12. When would I get a payment?**

The Court will hold a hearing on _____ to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement through information posted at _____. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**

If you do not want a payment from this settlement, and you want to keep the right to sue or continue to sue Sallie Mae or other companies that may have been involved in the calls that are the subject of the action, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting out of, the Settlement Class.

To exclude yourself from the settlement, you must send a letter by mail that (a) is signed by you; (b) includes your full name, address and phone number; and (c) includes the following statement: "I/we request to be excluded from the settlement in the Cummings action." No request for exclusion will be valid unless all of the information described above is included.

**You must mail your exclusion request postmarked no later than _____ to the following address**:

Claims Administrator
PO Box x

XXXX, XX XXXXX

**14. If I do not exclude myself, can I sue Sallie Mae for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Sallie Mae or other companies involved in making calls for the claims that this settlement resolves.

**15. If I exclude myself, can I get money from this settlement?**

No. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.

# OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not agree with the settlement?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views.

To object, you must send a letter saying that you object to the settlement in *Cummings v. Sallie Mae, Inc.* Be sure to include your name, address, telephone number, email address, your signature and the reasons you object to the settlement. In order to be valid, objections must be mailed to **both** attorneys listed below, and the Court, postmarked no later than _____.

Keith J. Keogh, Esq.                     Lisa M. Simonetti, Esq.
Keogh Law Ltd.                           Strook & Strook & Lavan LLP
55 W. Monroe St., Ste. 3390              2029 Century Park East
Chicago, Il 60603                        Los Angeles, CA 90067-3086

Clerk of the Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

**17. What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

5

# If You Do Nothing

**18. What happens if I do nothing at all?**

If you do nothing, you will remain a member of the Settlement Class and you will give up your rights to sue Sallie Mae; however, you will not receive any money because you must submit a claim form in order to receive a payment from this settlement.

# The Court's Final Approval Hearing

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at 9:30 a.m. on _____, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois, in Courtroom 2325. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and the Class Representatives.

**20. Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also send a letter saying that it is your "Notice of Intention to Appear in *Cummings v. Sallie Mae*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to all addresses in Question 16. You cannot speak at the hearing if you excluded yourself from the settlement.

# GETTING MORE INFORMATION

**22. Is this the entire settlement?**

No. This notice is only a summary of the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by visiting _____ or you can write to the address below or call the toll free number below for more information.

6

### 23. How do I get more information?

You can call 1-800-***-**** toll free; write to the Claims Administrator at
_____; or visit the website at_____,
where you will find answers to common questions about the settlement, a claim form, plus
other information to help you determine whether you are a Class Member and whether you
are eligible for a payment.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE
COURT. DO NOT CONTACT SALLIE MAE OR ITS COUNSEL ABOUT THE
SETTLEMENT. TELEPHONE REPRESENTATIVES OF SALLIE MAE ARE
NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR
THIS NOTICE.**

DATE: <u>MONTH 00, 0000</u>.

LA 51703502

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NICHOLAS CUMMINGS and STEFFANI
PENMAN, on behalf of themselves and others
similarly situated,

                    Plaintiffs,

      v.

SALLIE MAE, INC.,

                    Defendant.

NO. 1:12-CV-1612

Honorable Joan B. Gottschall

**[PROPOSED] ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS,
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND
PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

WHEREAS, a putative class action is pending in this Court entitled *Cummings v. Sallie Mae, Inc.*, Case No. 1:12-CV-9984 (the "Action");

WHEREAS, the plaintiffs Nicholas Cummings and Steffani Penman ("Plaintiffs") and defendant Sallie Mae, Inc. ("Sallie Mae") have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of

- 1 -

reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

1.      <u>Preliminary Approval Of Proposed Settlement</u>.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that:  (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2.      <u>Class Certification For Settlement Purposes Only</u>.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> The approximately 251,000 persons who Sallie Mae has identified in available records as possibly having been called from September 15, 2010 through, and including [<u>the date of the Preliminary Approval Order</u>].

Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

(a)      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

- 2 -

(b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

(c)     Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

(d)     Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement in connection with the proposed settlement;

(e)     Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

3.     <u>Class Representatives</u>.  Plaintiffs are designated as class representatives for the Settlement Class.

4.     <u>Class Counsel</u>.  The Court appoints Keogh Law, Ltd., Philipps & Philipps, Ltd. and Burke Law Offices LLC as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

5.     <u>Final Approval Hearing</u>.  A final approval hearing shall be held before the Honorable Joan B. Gottschall on _____ (the "Final Approval Hearing") as set forth in the notice to the Settlement Class (described in Paragraph 6 below), to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 11 below.  The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a settlement order and

final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims.

6.    <u>Class Notice</u>.  Class Notice shall be sent within sixty (60) days following entry of this Order. The deadline for submission of all claims shall be _____.

(a)    <u>Mail Notice</u>.  The Claims Administrator will provide individual Mail Notice to all persons in the Settlement Class for whom Sallie Mae possesses a mailing address. Reverse-lookup shall be performed by the Claims Administrator for all phone numbers that appear not to be associated with a name and address. All returned mail shall be skip traced in order to ascertain whether an alternative address for notice exists. All costs of reverse lookup and skip tracing will be considered Settlement Costs and deducted from the Fund.

(b)    <u>Publication Notice</u>.  The Claims Administrator will publish a notice of the Settlement in a nationally distributed newspaper.

(c)    <u>Website Notice</u>.  The Claims Administrator will establish and maintain a website using a domain name dedicated to the Settlement on which will be posted the Mail Notice, Claim Form and other settlement-related documents.  The Mail Notice and Publication Notice shall direct recipients to the location of the Website Notice.  The website shall also provide for online submission of Claim Forms.  The website will be established no later than the Notice Deadline and shall remain active at least until the date of the Final Approval Hearing.

7.    <u>Findings Concerning Class Notice</u>.  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class.  The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.  The Court hereby approves that Notices in

- 4 -

substantially the same forms as those attached as Exhibits C, D, E, F, and G to the Settlement Agreement.

8. <u>Administration</u>. The Claim Form and the claims submission process described in the Agreement are hereby approved.  In addition, the Court confirms that it is appropriate for Sallie Mae to provide the information necessary to provide the notice contemplated herein and to administer the settlement, including names, addresses and account information.

9. <u>Exclusion from the Settlement Class</u>.

(a) Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address by _____.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

(b) Exclusion requests must:  (i) be signed; (ii) include the full name, address and phone number of the person(s) requesting exclusion; and (iii) include the following statement:  "I/we request to be excluded from the class settlement in *Cummings v. Sallie Mae*, Case No. 1:12-CV-9984."  No request for exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

(c) The Claims Administrator will retain a copy of all requests for exclusion. Not later than _____, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

10. <u>Objections And Appearances</u>.

(a) Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be

- 5 -

approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

(b) In order to be heard at the Final Approval Hearing, the person must make any objection in writing and mail it to counsel for the parties not later than _____. Any objections that are not timely filed and mailed shall be forever barred.

(c) In order to be heard at the Final Approval Hearing, the person also must file with the Court and serve on all parties a Notice of Intention to Appear with the Court not later than _____.

11. <u>Further Papers In Support Of Settlement And Fee Application</u>. The deadline to submit papers in support of final approval of the Agreement and the Fee Application shall be _____. The deadline to respond to objections shall be _____. The deadline to file any reply papers shall be _____.

12. <u>Effect of Failure to Approve the Agreement</u>. In the event the Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Sallie Mae for the matters alleged in the Actions or for any other purpose;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Sallie Mae or Plaintiffs on any point of fact or law.

13.     <u>Stay/Bar Of Other Proceedings</u>.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Sallie Mae Released Parties, or anyone calling on the Sallie Mae Released Parties' behalf, any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

DATED: _____, 2013.


_____
            The Honorable Joan B. Gottschall